

**Signed December 14, 2017.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DAVID R. REYNOLDS, AND | § | CASE NO. 16-51062-RBK |
| JENNIFER L. REYNOLDS, | § | |
| | § | |
| DEBTORS | § | CHAPTER 13 |

**MEMORANDUM OF DECISION**

On December 7, 2017 came on to be heard the trustee's *Objection to Exemptions* (ECF No. 28), and the Court is of the opinion that the *Objection* should be denied. Specifically, the trustee objects to the debtors' claimed exemption under 11 U.S.C. § 522(d)(10)(A) of a lump sum past due payment of social security disability benefits. The trustee admits that the monthly payments going forward are exempt but draws a line in regard to the monthly payments that were paid late, claiming that those are not exempt. Section 522(d)(10)(A) makes it clear that a debtor's right to receive a social security benefit is exempt. The Court sees no difference between a benefit paid on time and one that is paid late; both are payments of a social security benefit.

Furthermore, 42 U.S.C. § 407(a)–(b) and Fifth Circuit case law establish that social security payments are exempt from the operation of bankruptcy laws. Section 407(a) states:

> (a) . . . *[N]one of the moneys paid* or payable or rights existing under this subchapter *shall be subject* to execution, levy, attachment, garnishment, or other legal process, or *to the operation of any bankruptcy or insolvency law*.

42 U.S.C. § 407(a) (emphasis added). The Fifth Circuit in ***In re Ragos*** noted that even after Congress enacted § 407(a), "some courts however failed to read the § 407(a) as exempting social security benefits from income available to pay creditors in Chapter 13 bankruptcy proceedings." 700 F.3d 220, 223–24 (5th Cir. 2012). This led Congress to enact § 407(b), which states:

> (b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C. § 407(b). The Bankruptcy Code, Social Security Act, and Fifth Circuit precedent are clear.

This Memorandum of Decision shall constitute the findings of fact and conclusions of law of the Court pursuant to Fed. R. Bankr. P. 7052 and 9014. A separate order will be entered.

# # #